UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RACHEL MYERS,

                        Plaintiff,

  -against-                                1:05-CV-0064
                                                  (LEK/DRH)

SENECA NIAGARA CASINO,

                        Defendant.
_____

## MEMORANDUM-DECISION AND ORDER[1]

### I. Background

Plaintiff Rachel Myers ("Plaintiff") brings this action against the Seneca Niagara Casino[2], alleging violations of the Federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. See Complaint (Dkt. No. 1). Plaintiff is an individual who resides in the City of Albany, County of Albany. Id. at ¶ 2. Defendant is a corporation wholly owned by the Seneca Nation of Indians ("Seneca Nation"), with its principal offices located at 310 Fourth Street, City of Niagara

---

[1] For printed publication by the Federal Reporters.

[2] Defendant argues that there is no such entity as "Seneca Niagara Casino". The Casino is the business and property owned and operated by the Seneca Niagara Falls Gaming Corporation. See Rule 7.1 Corp. Discl. State. (Dkt. No. 8). For continuity with the pleadings, the caption shall remain as it appears in the Complaint (see Dkt. No. 1). However, the Seneca Niagara Falls Gaming Corporation is a wholly-owned subsidiary of the Seneca Gaming Corporation. See Rule 7.1 Corp. Discl. State. (Dkt. No. 8). The Seneca Gaming Corporation/Seneca Niagara Falls Gaming Corporation has been tribally chartered and established by the Seneca Nation of Indians - it is a "subordinate arm of the Nation and shall be entitled to all of the privileges and immunities of the Nation." Amended & Restated Charter (Dkt. No. 12, Attach. 2) at 3. See also Deft's Mem. of Law (Dkt. No. 11, Attach. 2) at 1. Therefore, the Court will consider Plaintiff's claims to, ultimately, be against the Seneca Niagara Falls Gaming Corporation, which enjoys all of the privileges and immunities of the Nation.

Falls, County of Niagara. Id. at ¶ 3. The Court finds that venue is proper in this District, and the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

The relevant facts are as follows. Plaintiff was an employee of Defendant Casino from December 15, 2002, until her termination on May 17, 2004 (Plaintiff was notified of said termination on May 24, 2004). See Complaint (Dkt. No. 1) at ¶¶ 6, 8. Plaintiff worked for Defendant in a variety of capacities in the Human Resources Department, although Plaintiff was never provided with definite job descriptions. Id. at ¶ 6. Plaintiff claims to never have been reprimanded during her employment, but mentions that she did have "difficulties with her supervisor...." Id. Plaintiff claims to be a "qualifying employee" under FMLA, since she worked twelve months prior to the incident at issue herein, and Plaintiff claims that Defendant is an "eligible employer", under 29 U.S.C. § 2611, because it had fifty or more employees in each of twenty or more workweeks in the calendar year current with or preceding the incident at issue herein. Id. at ¶¶ 6-7.

Plaintiff posits that because Defendant has a benefit program that references or incorporates the FMLA, Defendant has subjected itself to the FMLA, and to suit under the FMLA. Id. at ¶ 7. Plaintiff claims that on May 4, 2004, she became very ill and went to the Emergency Room at Albany Medical Center, whereupon she was admitted and informed that she required surgery. Id. at ¶ 8. On May 16, 2004, Plaintiff's physician determined that Plaintiff likely would not be in a condition to return to work until May 26, 2004. Id. Although Plaintiff was terminated, it is her position that she would have been able to return to her previous duties upon recovery from surgery. Id. Plaintiff thus claims that Defendant violated the provisions of the FMLA.

Defendant herein moves for dismissal of this case due to a lack of subject matter

jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).  See Deft's Motion (Dkt. No. 11, Attach. 1); FED. R. CIV. P. 12(b)(1).  Among Defendant's arguments is a claim of tribal sovereign immunity - that Congress did not expressly abrogate tribal sovereign immunity in the FMLA, and the Seneca Nation did not waive immunity from suit under the FMLA in any way - and that absent a valid, applicable claim Plaintiff may not invoke the doctrine of Ex Parte Young, 209 U.S. 123 (1908), for the purpose of seeking equitable relief.  See Deft's Mem. of Law (Dkt. No. 11, Attach. 2); Deft's Reply Mem. of Law (Dkt. No. 16, Attach. 1).  Plaintiff has submitted papers in opposition to Defendant's Motion.  See Plntf's Affid. of Richards in Opp. (Dkt. No. 13).

For the following reasons, Defendant's Motion is granted, and this matter is dismissed.

## II. Discussion

### *A.  Standard of Law*

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.... In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court... may refer to evidence outside the pleadings.... A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."

Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing FED. R. CIV. P. 12(b)(1); Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)).  The Court will draw all inferences and construe all ambiguities in favor of Plaintiff.  Makarova, 201 F.3d at 113.

### *B.  The Seneca Nation Enjoys Tribal Sovereign Immunity*

Plaintiff has sued Defendant under the FMLA, and, put simply, the Second Circuit (in a case that is on point in this matter) has found that Indian Nations enjoy tribal sovereign immunity from

3

suits brought under the FMLA.  See Chayoon v. Chao, 355 F.3d 141 (2d Cir. 2004).  According to the Chayoon Court, "Indian tribes enjoy the same immunity from suit enjoyed by sovereign powers and are 'subject to suit only where Congress has authorized the suit or the tribe has waived its immunity.'... 'To abrogate tribal immunity, Congress must "unequivocally" express that purpose,' and 'to relinquish its immunity, a tribe's waiver must be "clear."'."  Chayoon, 355 F.3d at 143 (citing Kiowa Tribe of Oklahoma v. Mfg. Techs., Inc., 523 U.S. 751, 754 (1998); C & L Enter., Inc. v. Citizen Band Potawatomi Indian Tribe of Oklahoma, 532 U.S. 411, 418 (2001)).  Furthermore, "[t]he FMLA makes no reference to the '"amenity of Indian tribes to suit."'... While judges, as citizens, may be sympathetic to the plight of people like [Plaintiff], the courts are without authority to remedy the matter.  [Plaintiff's] remedy, if there is to be one, lies with Congress."  Chayoon, 355 F.3d at 143 (citing and quoting, *inter alia*, Garcia v. Akwesasne Hous. Auth., 268 F.3d 76, 86 (2d Cir. 2001)).  Thus, Congress has not expressly abrogated the sovereignty of Indian Nations in the FMLA, and Congress must *expressly* do so for there to be an effective abrogation.  The only other way a Nation may be sued under the FMLA is if the Nation itself *expressly* and *clearly* waived and relinquished its immunity from suit.

In this case, absent express abrogation by Congress, the Court looks for an express and clear waiver and relinquishment of sovereign immunity by the Seneca Nation - and finds none.  Plaintiff claims that "the Seneca Casino adopted the [FMLA] in its employment manual distributed to employees,... and that this adoption of the federal law constitutes a clear and unequivocal waiver of sovereign immunity."  Plntf's Affid. of Richards in Opp. (Dkt. No. 13) at ¶ 4.  Plaintiff further contends that "[t]hrough the Tribe's adoption of the [FMLA] in its employee handbook as the company policy, the Tribe[] consents to be subjected to the remedies under the [FMLA]."  Id.

4

Defendant, however, counters that this very issue was addressed and decided in a decision from the District of Connecticut in Chayoon v. Reels, 3-02CV1358(JCH) (D. Conn. Mar. 12, 2003) (Hall, D.J.), which was affirmed by the Second Circuit, Chayoon, 355 F.3d 141. In Chayoon, the Trial Court determined that the plaintiff had not established a clear waiver of sovereign immunity by the Tribe when plaintiff simply referenced health forms that referenced the FMLA. Clearer and more unequivocal evidence is required for a showing that the Tribe waived immunity to suit. As Defendant in the matter currently at bar points out, the District Court in Chayoon found that "[t]he papers submitted by the plaintiff merely reference an employee's eligibility and rights under the FMLA, but do not mention dispute resolution or jurisdiction in any fashion. As such, this court does not find that the tribe waived its sovereign immunity." Chayoon v. Reels, 3-02CV1358(JCH), at 4 (D. Conn. Apr. 9, 2003) (Hall, D.J.) (Motion for Reconsideration). See also Deft's Reply Mem. of Law (Dkt. No. 16, Attach. 1) at 2.

While Plaintiff in the instant matter has not provided this Court with the actual employment manual/forms by which Plaintiff claims Defendant has waived its sovereign immunity, by Plaintiff's description and Defendant's explanation and description the relevant materials seem to be very similar to those at issue in Chayoon. Absent more in this case, this Court will not find reference to the FMLA alone in said employment materials to be sufficient for the finding of waiver by Defendant.

Plaintiff has further claimed that this Court should find waiver of tribal sovereign immunity by looking to the United States Supreme Court's decision in Citizen Band, 532 U.S. 411, wherein the Court found that provisions in a construction contract that concerned, *inter alia*, application of Oklahoma law and binding arbitration of disputes, and which was entered into by the Oklahoma

5

Tribe, constituted clear waiver of the Tribe's sovereign immunity. See Plntf's Affid. of Richards in Opp. (Dkt. No. 13) at ¶ 9. But, in not finding the Seneca Nation to have waived sovereign immunity by simply referencing the FMLA in employment materials in the case at bar, *supra*, this Court agrees with Defendant that absent more Plaintiff has not shown the existence of any agreement or contract by the terms of which the Seneca Nation clearly, expressly and unequivocally waived its sovereign immunity. See Deft's Reply Mem. of Law (Dkt. No. 16, Attach. 1) at 6-7. Thus, Citizen Band is distinguishable from the present case.

Plaintiff even goes so far as to claim that the waiver of immunity contained in the Nation-State Gaming Compact suffices for a finding that Defendant has waived immunity to suit for the claims of Plaintiff herein. See Plntf's Affid. of Richards in Opp. (Dkt. No. 13) at ¶ 7. Plaintiff is incorrect. The Nation-State Gaming Compact (provided by Defendant - Dkt. No. 16, Ex. C, Attach. 4), to which only the Seneca Nation and the State of New York are parties, concerns "gaming" pursuant to the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. §§ 2701, *et seq.*, and "[n]othing in th[e] Compact affects any matter not specifically addressed [therein]." See Nation-State Gaming Compact (Dkt. No. 16, Ex. C, Attach. 4) at 1, 4. Furthermore, the arbitration clauses contained in the Compact, and the waivers of immunity by both the State of New York and the Seneca Nation, pertain only to causes of action related to gaming and the terms of the Compact. See id. at 16-17. See also Deft's Reply Mem. of Law (Dkt. No. 16, Attach. 1) at 3-4. Waiver in the one contract - to which Plaintiff was not a party, and to which no one in a position similar to Plaintiff's position was a party - and for specifically stated purposes of gaming, does not constitute express and clear waiver of immunity by the Seneca Nation in the instant action addressing a wholly different area of law and facts. Even utilizing a broader reading of law to find waiver of immunity encompassing any action

concerning any issue *subject to the Compact*, see, generally, State v. Oneida Indian Nation of New York, 78 F. Supp. 2d 49, 53-56 (N.D.N.Y. 1999) (McAvoy, C.J.), the issues of law that Plaintiff Myers brings to the table in the case at bar are not subject to the Compact. The Compact's terms do not address employment and benefits of workers/employees. Therefore, it would be too broad of a reading to find that simply because immunity was waived as to gaming activities in a Compact between the Nation and State of New York under the IGRA, that immunity was also waived for unrelated employment claims under the FMLA.

In addition, this Court agrees with Defendant's argument (Deft's Reply Mem. of Law (Dkt. No. 16, Attach. 1) at 7) that there is no exception based upon a Plaintiff's dissatisfaction with remedies that are otherwise available. As in the Chayoon case, although Tribal courts are available it appears from Plaintiff's papers that she is not satisfied with the type of relief offered by that avenue. See Plntf's Affid. of Richards in Opp. (Dkt. No. 13) at ¶ 5. However, without an abrogation of tribal sovereign immunity in the FMLA, and without a finding that the Seneca Nation waived sovereign immunity in this case, this Court finds, as did the Chayoon Court, 355 F.3d at 143, that Plaintiff's only other remedy lies with Congress in petitioning the legislators there to abrogate the reach of tribal sovereign immunity in cases such as the one at bar.

Lastly, it appears that Plaintiff brings contract and tort claims in this action, as well. See Complaint (Dkt. No. 1) at ¶¶ 13-20. However, whether the claims are brought under the FMLA or common law, the fact remains that, as discussed *supra*, Congress has not clearly abrogated tribal sovereign immunity, and the Seneca Nation has not expressly and unequivocally waived sovereign immunity as to those claims as they are presented in this case. Thus, Plaintiff's claims fail. See also Deft's Mem. of Law (Dkt. No. 11, Attach. 2) at 10.

Therefore, after review of the pleadings, the record, and the relevant law, the Court finds that (1) Congress has not expressly abrogated tribal sovereign immunity under the FMLA; (2) Defendant has not expressly and clearly waived and relinquished said tribal sovereign immunity in the present action; and (3) Plaintiff has not carried the burden of showing, by a preponderance of the evidence, that subject matter jurisdiction exists in the instant case.

### C. *Equitable Relief Is Not Available In This Action*

The Court reiterates that Plaintiff has sued only the Casino/Gaming Corporation in this action. No claims have been brought against any individual person or officer of Defendant. Although Plaintiff brings suit only against the Casino, the Court notes the Second Circuit's holding in Garcia, 268 F.3d 76, in finding that Plaintiff's claim fails whether brought against the Casino as an arm of the Nation, or against an individual officer. For injunctive relief, "[t]here are (at least) two important qualifications. First, any law under which [Plaintiff] seeks injunctive relief must apply substantively to the agency[/Defendant].... Second, [Plaintiff] must have a private cause of action to enforce the substantive rule." Garcia, 268 F.3d at 88. Plaintiff in this matter has failed to satisfy the requirements. By only suing under the FMLA - which, as discussed *supra*, is inapplicable to the Seneca Nation (and, thereby, the Casino) due to tribal sovereign immunity - Plaintiff has not sought relief under a law that applies substantively to Defendant. As Defendant argues (see Deft's Reply Mem. of Law (Dkt. No. 16, Attach. 1) at 5-6), absent more, Plaintiff's claims for equitable or injunctive relief fail.

In much the same vein, as well as for the reasons stated in Section II.B, *supra*, Plaintiff's claims for prospective relief due to Defendant Tribe's "acting beyond the scope of their authority in

8

violation of federal law", Plntf's Affid. of Richards in Opp. (Dkt. No. 13) at ¶ 6, fail also. <u>See also</u> Deft's Reply Mem. of Law (Dkt. No. 16, Attach. 1) at 4-5.

### III. Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant's Motion (Dkt. No. 11), with Exhibits (Dkt. No. 12), to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     September 26, 2006
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge